## HULME v. JASCHKE.
### No. 11247.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 10, 1943.

Rehearing Denied March 10, 1943.

C. C. Carsner and E. L. Dunlap, both of Victoria, for appellant.

Daniel & Woodhouse and Putney & Ritchey, all of Victoria, for appellee.

MURRAY, Justice.

This is a contest of the probate of the will of Joe Jaschke, deceased. The will was offered for probate by Flora Jaschke, second wife of Joe Jaschke, deceased, and contested by Rubana (Hull) Hulme, a daughter of Joe Jaschke by a former marriage. The matter was heard in the County Court and an appeal taken to the District Court of Victoria County, where, after hearing evidence, the trial judge took the case from the jury and instructed a verdict for the proponents of the will, from which judgment Rubana (Hull) Hulme has prosecuted this appeal. The proponents in the District Court were the heirs of Flora Jaschke, she having deceased prior to the trial in that court.

The grounds of contest were mental incapacity on the part of the testator, undue influence affecting the execution of the will, and, by trial amendment, fraud and deceit were alleged.

Appellant assigns as error the action of the court in instructing a verdict for proponents in that there was sufficient evidence to raise the issue of undue influence and therefore same should have been submitted to the jury. We overrule this contention. The evidence having conclusively shown that the will was executed by Joe Jaschke, in the manner and form and under the solemnities required by law, and that he was of sound mind, it became the burden of the contestant to offer evidence sufficient to raise a fact issue to the effect that by the use of undue influence the will of Joe Jaschke had been overcome and that of another substituted in the making of the will.

In Pierson v. Pierson, Tex.Civ.App., 57 S.W.2d 633, 636, undue influence is well defined as follows: "To be classed as undue, influence must place the testator in the attitude of saying: 'It is not my will, but I must do it.' He must act under such coercion, compulsion or constraint, that his own free agency is destroyed."

With reference to the quantum of proof required to establish it, the same authority has the following to say: "Undue influence cannot be presumed or inferred from opportunity or interest, but must be proved to have been exercised, and exercised in relation to the will itself, and not merely to other transactions."

When these well recognized definitions and rules are applied, there can be no doubt but that the trial court properly instructed a verdict in this case.

Appellant refers to Flora Jaschke as the principal beneficiary under the proffered will, but we are unable to find anything in the statement of facts to justify that conclusion. The evidence does show that Joe Jaschke was a man who could not read or write, but the two subscribing witnesses to the will were placed upon the witness stand and testified, in effect, that the will was executed in a legal and proper manner and that nothing happened at the time of such execution which would indicate that the testator was in any way unduly influenced in making this will.

■ Evidence was offered for the purpose of showing that Flora Jaschke dominated the will of her husband in all matters, but the evidence falls far short of this. A half-sister of Joe Jaschke testified that she had borrowed money from Joe prior to his marriage in 1928 to Flora, but after the marriage he had refused her a loan because Flora did not want him to make the loan. Within two and a half years after their marriage 213⅓ acres of land was deeded to Flora as her separate property. Appellant contends that the evidence shows that Flora had no separate property when she married Joe, but we cannot agree that such fact is shown. A prior will, executed in 1931, left $1,000 to each of Joe's two daughters, but Flora said that was too much, that "She (Flora) would see Rubana Hulme (one daughter) burn in hell before she would get a penny of it." This statement was made after Joe's death. Flora cursed the attorney who wrote the 1931 will, because he would not do something which she asked him to do about the 1931 will. Flora ran the restaurant business, she hired and fired the help, she bought the groceries and took charge of the bank account and the money from the cash drawer. "Flora was in the habit of cursing the testator for every vile name to which she could lay her tongue." Flora stopped the testator from cashing a check for one Ed See, cursed See and his party and pushed him out of the restaurant with such force that he fell on the sidewalk. Such evidence falls far short of meeting the quantum of proof required to show undue influence. Pierson v. Pierson, supra; Taylor v. Small, Tex.Civ.App., 71 S.W.2d 895.

■ Appellant complains of the exclusion of certain evidence wherein Mrs. Otto Post undertook to testify as to certain conversations with Joe Jaschke. We conclude that the testimony was properly excluded, but if admitted would not have raised a fact issue for the jury. In fact, we have considered this testimony in our above statement.

■ The court properly excluded the deed from C. M. Buhler to Flora Jaschke, conveying to her 213⅓ acres of land as her separate property, because the evidence did not show that she did not own any separate property at the time of her marriage to Joe, and, furthermore, said evidence, even when considered with all other evidence in the case, would not raise a fact issue with reference to undue influence.

■ The court properly excluded all testimony with reference to declarations made by the testator tending to show that he was unduly influenced to execute the will. Such undue influence cannot be established by such declarations, and they are not even admissible in evidence, unless and until undue influence has been at least prima facielly established by other evidence. Shofner v. Shofner, Tex.Civ.App., 105 S.W.2d 418; Scott v. Townsend, 106 Tex. 322, 166 S.W. 1138; Rankin v. Rankin, 105 Tex. 451, 151 S.W. 527; Taylor v. Small, Tex.Civ.App., 71 S.W.2d 895; Bethel v. Yearwood, Tex.Civ.App., 142 S.W.2d 927.

■ The two letters offered in evidence tending to show that Flora Jaschke was carrying on an illicit relation with another man while the wife of Joe Jaschke were properly excluded. It is not contended that Joe Jaschke ever knew or had any intimation of such affair, and certainly it could not have influenced him in any way in making his will.

The judgment is affirmed.